UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON THOMPSON, et al., | : | Case No. 3:16-cv-169 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| CITY OF OAKWOOD, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

ENTRY AND ORDER GRANTING IN PART PLAINTIFFS' MOTION
FOR PARTIAL CONSOLIDATION (DOC. 5) AND VACATING THE
COURT'S PRIOR SCHEDULING ORDER (DOC. 16)

This case is before the Court on Plaintiffs' Motion for Partial Consolidation of Motion for Temporary Restraining Order and Preliminary Injunction with Trial on the Merits as to Declaratory and Injunctive Relief Only ("Motion for Partial Consolidation") (Doc. 5). Defendants responded to the Motion for Partial Consolidation on June 3, 2016, in response to which Plaintiffs filed a reply on June 9, 2016. (Docs. 17, 19.) For the reasons below, the Court **GRANTS IN PART** the Motion for Partial Consolidation (Doc. 5) and **VACATES** its prior Scheduling Order (Doc. 16).

I. PLAINTIFFS' POSITION

Pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiffs move to consolidate trial on the issues of declaratory and injunctive relief in Counts I, II, V, and VI of the Complaint. Those claims seek the following relief:

- A declaration that the City of Oakwood's Pre-sale Search Requirement, authorizing warrantless searches without probable cause, is unconstitutional, both facially and as applied to Plaintiffs;

- A declaration that provisions of the Pre-sale Search Requirement scheme wholly reliant upon the unconstitutional search, including but not limited to the monetary extraction for inspections and the permit requirement, violate Plaintiffs' Fourth Amendment rights;

- An injunction barring Defendants from directly enforcing the Pre-sale Search Scheme's warrantless search requirement; and

- An injunction barring Defendants from indirectly enforcing the Pre-sale Search Scheme's warrantless search requirement by criminally prosecuting Plaintiffs, stripping them of the right to occupy or rent their property, or otherwise.

(Doc. 1 at 17-18.)

Plaintiffs argue that the Court "need not simultaneously determine the issues raised through remaining prayers for relief in Plaintiffs' Complaint:  liability through restitution, nominal damages, individual liability, and attorneys['] fees and costs, or the *amount* of any of the aforementioned, on an expedited basis."  (Doc. 5 at 3.)  Plaintiffs suggest that the Court essentially stay the case as to those issues and consider them, if necessary, after its ruling on the constitutionality of Defendants' pre-sale inspection requirements in Counts I, II, V, and VI.

## II. DEFENDANTS' POSITION

Defendants ask the Court to determine all issues in the case on briefs, with the exception of damages and attorneys' fees and costs. (Doc. 17 at 1.)  Defendants would treat the Complaint as Plaintiff's motion on the issues to be tried, in response to which Defendants would file a response pursuant to the Court's current Scheduling Order.  (*Id.*)  Defendants also request an opportunity to move for summary judgment to assert qualified immunity and other defenses. (*Id.* at 2.)  Finally, Defendants ask the Court to order the parties to participate in an early mediation.

In reply, Plaintiffs argue that it would be premature to participate in mediation at this time.  Plaintiffs contend that, before any mediation could take place, the parties need a ruling on the constitutionality of the pre-sale inspection requirement.  Plaintiffs also argue that, until a

class is certified, they do not have authority to represent the interests of their proposed class at mediation. Plaintiffs have brought a motion for class certification, but it is not ripe for review.

Plaintiffs also object to any discovery in the case before Defendants file an Answer to the Complaint. As a result, the case currently appears to be at a standstill, with Defendants requesting discovery and Plaintiffs insisting that Defendants file an Answer first. Plaintiffs also maintain their position that litigation of "ancillary issues" such as damages should be stayed until after the Court rules on the constitutionality of the pre-sale inspection requirement. Plaintiffs further argue that there is no reason for the Court to determine Plaintiffs' as-applied claim at the same time as the facial claim because, if the facial claim is meritorious, the as-applied claim becomes moot.

### III. ANALYSIS AND DECISION

The Court previously entered a Scheduling Order that provided for an approximately one-month discovery period and expedited briefing on the claims in the Complaint. (Doc. 16.) The Court would then hold a hearing on August 1, 2016, at which the parties could present argument and any additional evidence. (*Id.*) Based on the parties' above positions, however, that schedule is no longer workable.

The parties agree, at least to some degree, on a bifurcation of issues concerning liability from issues relating to damages and attorneys' fees and costs. The one difference is that Plaintiffs would also defer ruling on liability on their as-applied claims, whereas Defendants ask the Court to determine liability on both the facial and as-applied claims simultaneously. Defendants' position is more reasonable. Deferring determination of liability on Plaintiffs' as-applied claims would only insert unnecessary delay into the case. The Court will bifurcate its

3

determination of issues relating to liability and damages—as to both Plaintiffs' facial and as-applied claims.

Plaintiffs' demand that Defendants file an Answer before discovery and Defendants' request to file a motion for summary judgment demonstrate that additional time and briefing are necessary to prepare this case for the Court's determination.

The Court will not order the parties to mediation. Plaintiffs are not amenable to mediation; consequently, ordering the parties to attend mediation would be futile.

Based on the above considerations, the Court hereby **VACATES** its prior Scheduling Order (Doc. 16) and **ORDERS** the parties to comply with the following schedule:

1. Defendants shall file an Answer to the Complaint by no later than June 30, 2016;

2. The parties shall have until August 1, 2016 to complete discovery relevant to the determination of Defendants' liability on Plaintiffs' claims;

3. The parties shall file dispositive motions, including motions for summary judgment, regarding Defendants' liability on Plaintiffs' claims by no later than August 19, 2016;[1]

4. The Court will determine Defendants' liability on Plaintiffs' claims based on the briefing on the dispositive motions, unless one or both of the parties move for a hearing on a dispositive motion and the Court determines that a hearing would assist it in making its determination on that motion;

5. The Court will enter a schedule for discovery and briefing on the issues of damages and attorneys' fees and costs, if necessary, following its ruling on the parties' dispositive motions.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, June 17, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The parties are permitted to file response and reply memoranda pursuant to S.D. Ohio Civ. R. 7.2(a).