**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JASON THOMPSON, et al., | : | Case No. 3:16-cv-169 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| CITY OF OAKWOOD, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS RELATING TO PLAINTIFFS'**
**CLAIMED FEES, EXPENSES AND COSTS TO DATE (DOC. 30)**
_____

This case is before the Court on the Motion to Compel Plaintiffs to Respond to Discovery ("Motion to Compel") (Doc. 30) filed by Defendants the City of Oakwood, Ohio and Ethan Kroger ("Defendants"). The Court previously ruled, in part, on the Motion to Compel by ordering Plaintiffs to produce an Operating Agreement prior to scheduled depositions. (Doc. 33.) The portion of the Motion to Compel now pending relates to Defendants' Document Request No. 3, which states:

> **REQUEST NO. 3.** Produce the fee/retainer agreements for all counsel for Plaintiffs and non-privileged documentation regarding fees, expenses and costs claimed in this matter and alleged as a damage by Plaintiffs under 42 U.S.C. Section 1983 in the First Amended Complaint.

(Doc. 32-1 at 6.) Plaintiffs responded to this request: "***Objection: This information is privileged and not subject to disclosure.***" (*Id.*) The parties came to an impasse regarding whether responsive documents would be produced, and Defendants moved to compel.

It bears mentioning that the Court bifurcated the litigation of this case between issues relating to liability on Plaintiffs' claims and issues relating to damages and attorneys' fees and costs, the latter of which would be addressed only if liability is proven.  (Doc. 20 at 3-4.)  The information subject to Defendants' document request is therefore not yet at issue in this case. Defendants explain that "[t]his information is requested at this juncture only so that counsel can properly advise their clients and it has been made clear to Plaintiffs no privileged information is being sought."  (Doc. 32 at 1-2.)  It is reasonable to infer from this explanation that Defendants' counsel wants to assess the fees and expenses to date—and extrapolate from them the potential fees and expenses going forward—for purposes of advising Defendants of the risks of proceeding to judgment versus negotiating an alternative resolution of the case.  Regardless, Plaintiffs have not objected to Defendants' request as premature—neither in their written objections (Doc. 32-1 at 6) nor in their supplemental response to the Motion to Compel (Doc. 34).  Defendants' reason for requesting the discovery is therefore relevant to what information, if any, should be produced, rather than whether Defendants are entitled to that discovery at this time.

Plaintiffs argue that their retainer agreement and the documentation regarding their fees, expenses and costs are protected from disclosure because they contain attorney-client privileged information and attorney work product.  (Doc. 34 at 1-2.)  Plaintiffs do not address why redaction of the protected material would not be workable.  They do state, however, that "[h]ad Defendants the composure and temperance to simply seek *the non-privileged facts*, such as the rate and hours accrued of Plaintiffs' counsel, such *information*, would have been (and still could be) provided by Plaintiffs."  (*Id.* (emphasis in original))  Gratuitous *ad hominem* attack aside,

Plaintiffs' proposal might have resolved this dispute without involving the Court—had they made the proposal to Defendants, instead of digging in their heels.

Conversely, Defendants argue that they need Plaintiffs' documentation, and not merely an approximation of Plaintiffs' fees, expenses and costs, so that they can evaluate the reasonableness of Plaintiffs' attorney fee request—which, again, would be submitted at some point in the future only after a determination that Defendants are liable on at least one of Plaintiffs' claims.  (Doc. 35 at 2.)

This Court is afforded "broad discretion in regulating discovery."  *Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198, 206 (6th Cir. 1986).  Plaintiffs' objections on attorney-client privilege and attorney work product grounds are well-taken, although they might be addressed by heavily redacting the requested documents.  On the other hand, the Court is not convinced that Defendants' counsel needs to scrutinize Plaintiffs' claimed fees at this time for the limited purpose of advising their clients.  As a compromise solution, the Court takes Plaintiffs' counsel at their word and hereby **ORDERS** them to produce to Defendants, no later than one week from the entry of this Order, a statement of their rate and hours accrued, along with an estimate of their expenses and costs, to date.

Finally, a note about civility.  No doubt, the parties—or more likely just their counsel—are not getting along well in this case.  In addition to the above attack, Plaintiffs refer to Defendants' "boundless dishonesty" in their response to the Motion to Compel.  (Doc. 34 at 1.) Defendants, for their part, spend two pages in their reply documenting the bad deeds of Plaintiffs' counsel, none of which affect the disposition of their Motion to Compel.  The Court is neither persuaded nor entertained by the parties' disparagement of each other.  It just wastes time.  If the parties have a genuine dispute, they should bring it before the Court in a professional

and civil manner.  The Court raises this issue only because it appears to be getting in the way of the just, speedy, and inexpensive determination of this case, in which case the parties will suffer the consequences of their attorneys' ill will.

      **DONE** and **ORDERED** in Dayton, Ohio, this Thursday, August 4, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
