# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON THOMPSON and 2408 HILLVIEW, LLC, | : : : | Case No. 3:16-cv-169 |
| | : | Judge Thomas M. Rose |
| Plaintiffs, | : : | |
| v. | : : | |
| CITY OF OAKWOOD, OHIO, and ETHAN KROGER, | : : : | |
| Defendants. | : | |

## ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DOC. 55) DECLARATIONS OF JASON THOMPSON (DOC. 52-1), TIMOTHY GWIN (DOC. 52-2), AND GAYLE HITES (DOCS. 52-3 and 36-1)

This case is before the Court on Defendants' Motion to Strike (Doc. 55) the Declarations of Jason Thompson (Doc. 52-1), Timothy Gwin (Doc. 52-2), and Gayle Hites (Docs. 52-3 and 36-1). Plaintiffs filed these declarations in support of their pending Motion for Class Certification and Amended Motion for Partial Summary Judgment. The Court therefore must rule on whether the declarations should be stricken before it may rule on those motions.

Defendants argue that the declarations should be stricken for three reasons. First, they argue that the declarations fail as a matter of law because they were not physically signed by the declarants. Second, Defendants argue that Hites' declaration should be stricken because she was not identified as a witness in response to an interrogatory specifically requesting the identification of all of Plaintiffs' witnesses. Third, Defendants object to portions of the declarations on grounds of hearsay, lack of personal knowledge, and the assertion of legal conclusions.

None of the declarations bears an actual, physical signature. Instead, each bears a conformed signature, e.g. "/s/ Name". The Court's Local Rules provide that:

> The actual signature of a Filing User shall be represented, for ECF purposes, by "s/" followed by the typed name of the attorney or other Filing User. Signature in such a manner is equivalent to a hand-signed signature for all purposes, including Fed. R. Civ. P. 11 or any other rule or statute.

S.D. Ohio Civ. R. 83.5(c). "Filing Users" are attorneys admitted to the permanent bar of this Court, attorneys admitted pro hac vice, and parties to an action who are not represented by counsel. S.D. Ohio Civ. R. 83.5(b). As Thompson, Gwin and Hites are not "Filing Users" under Local Rule 83.5, they are not authorized to sign documents using only a conformed signature. Their declarations therefore do not constitute admissible evidence.

Plaintiffs argue that the declarants were permitted to use conformed signatures under 28 U.S.C. § 1746. Section 1746 has nothing to do with the use of conformed signatures in electronic filings. Section 1746 provides that an unsworn declaration has the same force and effect as a sworn affidavit so long as the declaration is made under penalty of perjury and verified as true and correct. Plaintiffs' declarations contain the language required by Section 1746, but they are still improperly signed.

Defendants' Motion to Strike the declarations of Thompson, Gwin and Hites is **GRANTED**. In the interest of resolving this case on the merits, however, the Court will permit Plaintiffs to re-submit the declarations with the declarants' physical signatures. But for the corrected signature blocks, the re-submitted declarations should be identical to the versions stricken by this Order.

Striking the declarations does not resolve all of the issues raised by Defendants' Motion to Strike. Defendants were prejudiced by Plaintiffs' submission of Hites' declaration just before the close of discovery, without having previously identified her as a witness. That prejudice will

not be remedied by requiring Plaintiffs to re-submit the declarations. The Court therefore further **ORDERS** that Defendants shall have 30 days from the entry of this Order to depose Ms. Hites. Within 14 days of completion of that deposition, Defendants may submit a supplemental memorandum addressing any new issues relevant to the declarations raised by the deposition of Ms. Hites. The supplemental memorandum should not exceed 15 pages. Within 7 days after the filing of Defendants' supplemental memorandum, Plaintiffs may file a responsive memorandum not to exceed 15 pages.

The Court need not rule on Defendants' evidentiary objections to Plaintiffs' declarations at this time. The Court will rule on those objections when it considers the pending Motion for Class Certification and the parties' motions for summary judgment. If the Court finds that an evidentiary objection is well-founded, it will simply exclude the particular assertion subject to the objection from its consideration at that time.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 1, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE