UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON THOMPSON and 2408 HILLVIEW, LLC, | : : : | Case No. 3:16-cv-169 |
| | : | Judge Thomas M. Rose |
| Plaintiffs, | : : | |
| v. | : : | |
| CITY OF OAKWOOD, OHIO, and ETHAN KROGER, | : : : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR RELATED RELIEF (DOC. 67)**
_____

This case is before the Court upon Defendants' Motion to Compel Discovery and for Related Relief ("Motion to Compel") (Doc. 67). Defendants seek the production of communications between Plaintiffs' counsel and Gayle Hites, a non-party witness. Plaintiffs submitted Ms. Hites' declaration in support of their Motion for Class Certification and Motion for Summary Judgment. Defendants argue that the communications between Plaintiffs' counsel and Ms. Hites should have been produced during discovery, but were improperly withheld. Plaintiffs counter that the communications are not responsive to any of Defendants' discovery requests and, even if they were responsive, they are protected from disclosure by the attorney work product doctrine.

This discovery dispute stems from Defendants' motion to strike three declarations that Plaintiffs submitted in support of their Motion for Summary Judgment. One of those declarations was by Ms. Hites. Ms. Hites' declaration provided information regarding her experience with the City of Oakwood's pre-sale inspection process—the process at the heart of

this lawsuit. Defendants objected to Ms. Hites' declaration on evidentiary grounds and because she was not identified as a witness in response to an interrogatory seeking the identification of Plaintiffs' witnesses. The Court granted Defendants' motion to strike Ms. Hites' declaration and ordered that Defendants be permitted an opportunity to depose Ms. Hites.

Defendants served a subpoena *duces tecum* on Ms. Hites and scheduled her deposition for March 19, 2017. Defendants were informed that, although Ms. Hites did not have documents responsive to the subpoena, Plaintiffs' counsel had email communications between them and Ms. Hites. Plaintiffs' counsel initially objected to production of the communications, but later changed course and agreed to produce some, but not all, of those communications. Defendants' counsel was not satisfied with the documents produced, canceled Ms. Hites' scheduled deposition, and notified the Court of the parties' discovery dispute. On March 20, 2017, the Court held a teleconference with the parties and shortly thereafter ordered Plaintiffs to produce a privilege log identifying all of the communications withheld, which Plaintiffs did. Defendants' motion to produce all of the documents on that privilege log is now before the Court.

In light of this history, the parties' disagreement regarding whether Plaintiffs' communications with Ms. Hites are within the scope of Defendants' prior discovery requests is not dispositive. Even if Defendants did not request these specific communications, the Court could excuse that failure since they were not timely notified of Plaintiffs' intent to rely on Ms. Hites' testimony. In any event, Defendants' Request No. 5 is a broad request for "any and all recordings, videos, photographs, text messages, emails, screen shots, calendars, diaries, journals, notes and documents Plaintiffs possess that relate to any and all claims asserted in their First Amended Complaint." (Doc. 67-4.) Communications between Plaintiffs' counsel and Ms. Hites

2

are reasonably within the scope of this Request and should have been produced or placed on a privilege log.

Plaintiffs' argument that the withheld communications are attorney work product fails. Plaintiffs first argue that the communications are irrelevant, so the Court need not get to the question of whether or not they are work product. The Court has reviewed the withheld documents *in camera*. Generally, they relate to Ms. Hites' declaration and preparation for her deposition. The communications are relevant to the issues in this case. Their utility or significance may be up for debate, but they are certainly relevant.

The communications are not protected from disclosure by the attorney work product doctrine because Plaintiffs' counsel did not maintain their confidentiality. In *Behnia v. Shapiro*, 176 F.R.D. 277 (N.D. Ill. 1997), the District Court addressed this very issue and concisely stated the law as follows:

> Protection under the work-product doctrine can be waived in certain circumstances. *See United States v. Nobles*, 422 U.S. 225, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975). One situation in which the work-product protection might be waived is when the document has been voluntarily disclosed to a third party. *Bramlette v. Hyundai Motor Co.*, 1993 U.S. Dist. LEXIS 12112, No. 91 C 3635, 1993 WL 338980, at *3 (N.D. Ill. Sept. 1, 1993); *see also Williams v. Musser*, 1995 U.S. Dist. LEXIS 784, No. 94 C 4140, 1995 WL 27394, at *2 (N.D. Ill. Jan. 23, 1995); *In re Quantum Chem./Lummus Crest*, 1992 U.S. Dist. LEXIS 5448, No. 90 C 778, 1992 WL 71782, at *3 (N.D. Ill. Apr. 1, 1992). Unlike the attorney-client privilege, mere disclosure to a third party is insufficient to waive work-product protection; rather, waiver of work-product protection occurs only if the disclosure to the third party "substantially increases the possibility for potential adversaries to obtain the information." *Bramlette*, 1993 U.S. Dist. LEXIS 12112, 1993 WL 338980, at *3. The question is whether the particular disclosure was of such a nature as to enable an adversary to gain access to the information. *Union Pac. Resources Co. v. Natural Gas Co. of Am.*, 1993 U.S. Dist. LEXIS 9855, No. 90 C 5378, 1993 WL 278526, at *3 (N.D. Ill. July 20, 1993).

*Id.* at 279-280.

Here, Defendants made the communications at issue in a manner that enabled Defendants to obtain access to them, waiving the protection of the attorney work product doctrine. The communications were between Plaintiffs' counsel and Ms. Hites, a non-party witness. Plaintiffs have not argued—nor could they—that Ms. Hites is not subject to discovery.

Defendants have subpoenaed Ms. Hites for deposition and the production of documents. They cannot obtain copies of the communications from Ms. Hites, however, because she is in the process of moving and, as represented by Plaintiffs' counsel, "is not good with technology and does not know how to get the information off of her computer, etc." (Doc. 67-1 at 9.) These facts also support discovery of the communications under Federal Rule of Civil Procedure 26, which states that attorney work product ordinarily is not discoverable unless:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). The communications are relevant to the parties' claims and defenses and therefore discoverable under Rule 26(b)(1). In addition, Defendants have a substantial need for the communications to explore the facts underlying Ms. Hites' declaration at her deposition. Lastly, because Ms. Hites does not have access to the communications, Defendants cannot obtain them from anyone other than Plaintiffs' counsel.

Plaintiffs argue that Defendants do not need the communications to depose Ms. Hites about her declaration. Doing so would be less efficient, however, than deposing Ms. Hites with the communications in hand. At this late stage of the proceedings, the Court favors the most efficient resolution of this discovery dispute.

For the above reasons, the Court **GRANTS** Defendants' Motion to Compel (Doc. 67) as follows:

    a)     Plaintiffs' counsel is **ORDERED** to produce to Defendants all of the communications identified on the privilege log within 3 business days of entry of this Order;

    b)     Defendants shall have 45 days from the entry of this Order to complete the deposition of Gayle Hites;

    c)     Within 14 days after the completion of Ms. Hites' deposition, Defendants may submit a supplemental memorandum (not to exceed 15 pages) addressing any new issues relevant to Plaintiffs' declarations in support of their Motion for Class Certification and Motion for Summary Judgment and raised by Ms. Hites' deposition;

    d)     Within 7 days after the filing of Defendants supplemental memorandum, Plaintiffs may file a responsive memorandum not to exceed 15 pages; and

    e)     Any further relief requested by Defendants in the Motion to Compel is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 31, 2017.

                                                                s/Thomas M. Rose

                                                   THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE