# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON THOMPSON, et al., | : | Case No. 3:16-cv-169 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| CITY OF OAKWOOD, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. 89) AND GRANTING IN PART OAKWOOD'S MOTION FOR ORDER SETTING IMMEDIATE PROTOCOLS (DOC. 96)**

---

This case is before the Court on the Motion for Summary Judgment on Restution [sic] Owed to Class Members (Doc. 89) filed by Plaintiffs Jason Thompson and 2408 Hillview, LLC ("Plaintiffs") and the Motion for Order Setting Immediate Protocals [sic] under FRCP 23(d)(1)(A), 23(d)(1)(B)(ii) & 23(d)(1)(E) and to Adopt Proposed Final Judgment Entry (Doc. 96) filed by Defendant the City of Oakwood, Ohio ("Oakwood").

On February 8, 2018, the Court granted summary judgment against Oakwood as to liability on Plaintiffs' claims and certified a class under Fed. R. Civ. P. 23(b)(2) of all individuals and businesses that have (1) sold houses within the City of Oakwood since May 25, 2010, and (2) paid pre-sale inspection fees to the City of Oakwood in conjunction with the sale of their houses. (Docs. 77 & 87.) Now before the Court is Plaintiffs' Motion for Summary Judgment on the amount owed to class members under their restitution claim. Oakwood did not file an opposition to Plaintiffs' Motion. Instead, it filed a Stipulation notifying the Court of its agreement to pay the total amount of restitution requested. (Doc. 95.) In a separate motion, Oakwood asks for an

order entering final judgment on Plaintiffs' claims and establishing a procedure for distributing the restitution payments to class members. (Doc. 96.)

As discussed below, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment because there is no genuine issue of material fact as to the restitution amount owed to class members. The parties disagree regarding how this amount will be distributed to class members, which the Court addresses in the second part of this Order.

I. **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 Fed. Appx. 492, 495 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record").

Plaintiffs ask the Court to order a total of $72,780 in restitution to class members and "issue additional administrative and ministerial orders, consistent with Fed. R. Civ. P. 23 and the attached Class Settlement Agreement proposed by Plaintiffs, necessary to effectuate restitution to the Class Members." (Doc. 89.) Plaintiffs cite evidence showing that the class consists of 1,055 unique members who were subject to 1,213 presale inspections and paid a total of $72,780 in inspection fees. (Doc. 89-1.) Plaintiffs argue that class members are entitled to reimbursement of the entire $72,780 paid—not some lesser percentage of that amount. (Doc. 89 at 4-11.) Plaintiffs' evidence and legal argument is persuasive.

A detailed analysis of that evidence and argument is unnecessary because Oakwood does

2

not dispute any of it. In response to the Motion for Summary Judgment, Oakwood filed a one-page Stipulation and Notice stating that it agreed "to pay restitution of $60 per inspection to Class Members." (Doc. 95.) Oakwood further represented that its agreement to do so renders the Motion for Summary Judgment moot. (*Id.*) If you multiply $60 times the total number of inspections (1,213) provided by Plaintiffs, you get the total amount requested by Plaintiffs ($72,780). Thus, the only issue is whether Oakwood's response moots Plaintiffs' Motion for Summary Judgment. It does not.

Oakwood's argument regarding why its response should moot Plaintiffs' Motion for Summary Judgment is contained in Oakwood's Reply (Doc. 98) in support of its Motion for Order Setting Immediate Protocals [sic] (Doc. 96). Oakwood argues its agreement to pay what Plaintiffs have demanded removes any dispute regarding this issue from the case. (Doc. 98 at 3.) Without a dispute, argues Oakwood, there is no case or controversy upon which the Court may rule. (*Id.*, citing, *inter alia*, *McPerson v. Michigan High Sch. Ath. Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997).)

The test for mootness "is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson*, 119 F.3d at 458 (quotation and citation omitted). Here, entering summary judgment for Plaintiffs would change the legal interests of the parties. Plaintiffs would have an enforceable judgment, instead of merely a representation that Oakwood agrees to pay the requested restitution amount. Despite the parties' extensive efforts to settle this matter, which are documented in their briefing on the instant Motions, they do not have a settlement agreement. A judgment in Plaintiffs' favor will provide class members a legal right to payment that they do not currently have. The Court therefore grants summary judgment for Plaintiffs on their claim for return of $72,780 in presale inspection fees to 1,055 unique class

members for a total of 1,213 presale inspections during the relevant period.

## II. ADMINISTRATION OF RESTITUTION TO CLASS MEMBERS

The latter portion of Plaintiffs' Motion for Summary Judgment and Oakwood's Motion for Order Setting Immediate Protocals [sic] both address the administration of restitution to class members. (Doc. 89 at 12-13; Doc. 96.) The only difference is the context in which the issue is discussed. Plaintiffs discuss administration after the Court's ruling on their Motion for Summary Judgment; whereas Oakwood assumes that the Motion for Summary Judgment is moot. The Court considers all of the parties' arguments relevant to administration in this section, regardless of where they appeared in the briefing.

Both Plaintiffs and Oakwood acknowledge that, under Fed. R. Civ. P. 23, the Court has discretion in setting the timing, method and other details governing payment of the restitution amounts to class members. In their Motion for Summary Judgment, Plaintiffs submitted a list of key terms that they wished to be included in an order directing payment. (Doc. 89 at 13.) Oakwood responded with its own proposed entry, which incorporated many, if not all, of Plaintiffs' terms and contained additional details regarding the process. (Doc. 96-1.) In reply, rather than return to their list of key terms, Plaintiffs submitted objections to Oakwood's proposed entry. (Doc. 97.) Oakwood responded to those objections in its Reply (Doc. 98) in support of its Motion for Order Setting Immediate Protocals [sic]. Thus, the Court may proceed by addressing Plaintiffs' objections to Oakwood's proposed entry without any details falling between the cracks.[1]

First, Plaintiffs object that Oakwood should not be permitted to administer the payments

---

[1] The Court recounts the briefing on this issue because the parties' competing motions created an unconventional framing of their arguments. For all practical purposes, Oakwood obtained the benefit of a sur-reply, without leave of Court. Plaintiffs did not object to Oakwood's final brief, however, and, in the end, it has clarified the parties' respective positions.

to class members itself. (Doc. 97 at 4, citing *In re Gilliam*, 582 B.R. 459, 471 (Bankr. N.D. Ill. 2018) ("[A]llowing counsel to regulate its own behavior is like allowing 'the fox to guard the proverbial hen house.'").) Oakwood argues that it demonstrated its good faith in this litigation by immediately correcting its ordinance and that Plaintiffs have not presented any evidence supporting the contention the it is not to be trusted. The Court has no reason to believe that Oakwood would not competently and honestly administer refunds to class members. On the other hand, this has been a protracted and contentious litigation. The case is reaching its final stages and the Court has no interest in prolonging it longer than necessary. To that end, a third-party administrator is the most effective way to administer the payments to class members. Third-party administrators are commonly used in class action litigation, such as this one, and the Court rarely sees disputes regarding the completion of their duties. The parties are therefore ordered to retain a neutral third-party administrator. In addition, the third-party administrator must provide reasonable reports upon its activities to the parties' counsel so that they may resolve and/or bring any problems to the Court's attention, as necessary.

Second, Plaintiffs object to Oakwood's list of class members as lacking in details. Instead, Plaintiffs ask that the third-party administrator use the list that they compiled and submitted as an exhibit to their Motion for Summary Judgment. (Doc. 89-1.) Oakwood did not acknowledge this objection in its Reply. Plaintiffs' list does contain substantially more information than that referred to by Oakwood. The Court therefore orders that the third-party administrator use Plaintiffs' list of class members.

Third, and lastly, Plaintiffs argue that "*if* this Court grants the City the expedient *means* of unilaterally administering the refund, then it should also require of the City a similarly expedient

*timeline*." (Doc. 97 at 5.) Specifically, Plaintiffs claim that Oakwood should be able to complete restitution to all class members within 30 to 45 days. Since the Court has denied Oakwood's request to administer the refunds itself, Plaintiffs' objection is moot. The third-party administrator shall be permitted to complete the refund process within the timeline set forth in Oakwood's proposed entry.

The parties are hereby ordered to submit a revised proposed entry and order, which reflects the Court's entry of summary judgment for Plaintiffs on the restitution amount and resolution of Plaintiffs' objections above. As the parties will need to identify the third-party administrator that will be handling the refund process, the parties shall have 14 days from the entry of this Order to submit their revised proposed entry and order.

One final note, the parties have discussed this case as if the resolution of the restitution amount and Plaintiffs' anticipated motion for attorneys' fees and costs were the only remaining issues. Plaintiffs' claims for damages on their § 1983 claims remain outstanding, although Plaintiffs might take the position that any damages on those claims would be within the $60 per class member due on their restitution claim. If the parties resolve this issue between themselves—and it appears that they already have—they should incorporate that agreement into the revised proposed entry and order to be submitted.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (Doc. 89) and **GRANTS IN PART** Oakwood's Motion for Order Setting Immediate Protocals [sic] (Doc. 96).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 9, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE