# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JASON THOMPSON, et al | : CASE NO: 3:16-CV-169 |
| Plaintiffs, | : JUDGE THOMAS M. ROSE |
| vs. | : |
| CITY OF OAKWOOD, OHIO, et al | : |
| Defendants. | : |

## FINAL JUDGMENT ENTRY

This Final Judgment Entry ends all claims by and between Plaintiffs Jason Thompson and 2408 Hillview LLC (the "Class Representatives"), and the members of the certified class (collectively referred to interchangeably as "Class Members" or "Plaintiffs") and the City of Oakwood; jointly all referred to as the "Parties."

On May 4, 2016 Plaintiffs filed the above-captioned action (Doc. # 1), and later filed an amended complaint and motion seeking class certification (Doc. # 12). On February 8, 2018 the District Court certified a class consisting of "any individual or business to have (1) sold a house within the City of Oakwood since May 25, 2010; and (2) paid pre-sale inspection fees to the City of Oakwood in conjunction with the sale of the house." (Doc. # 77). Also, on February 8, 2018, the District Court granted Plaintiffs' motion for summary judgment in part, holding that the City's presale inspection ordinance mandates violated the Fourth Amendment on its face, and further holding that members of the class are entitled to restitution in relation to their payment of inspection fees to the City (Doc. # 77). However, the Court simultaneously granted Defendants' Motion for Summary Judgment dismissing with prejudice all of Plaintiffs' claims asserted against

Oakwood's Code Enforcement Officer, Ethan Kroger, and denied Plaintiffs summary judgment against him (Doc. # 77).

Plaintiffs moved the Court a second time for summary judgment, Plaintiffs' Motion for Summary Judgment on Restution [sic] Owed to Class Members and Memorandum in Support (Doc. # 89). The City of Oakwood stipulated and agreed to pay $60 per inspection on September 6, 2018. (Doc. # 95) The Court entered summary judgment to Plaintiffs on the restitution amount of $60 per inspection. (Doc. # 99).

The Court resolved Plaintiffs' objections (Doc. # 97) to Oakwood's Proposed Final Judgment Entry (Doc. # 96-1) on October 11, 2018. (Doc. #99)

The Parties cannot reach agreed terms to settle and administer this matter, therefore, the Court enters this Final Judgment Entry on record.

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. **Effective Date:** As used herein, the "Effective Date" of this Final Judgment Entry shall be thirty (30) days after the filing date of this Final Judgment Entry.

2. **Payment of Monetary Restitution and Damages:** Plaintiffs are prevailing parties and the following monetary restitution and damages, or "Monetary Award," shall be paid as fully stated herein by the City of Oakwood:

    a. **$60.00 in** Restitution Payable to the 1055 Class Members for
       each Interior Inspection (total number of inspections: 1,213):     **$ 72,780.00**

    b. Monetary Damages Payable to 36 specific Class Members for
       Convenience Credit Card Fees Not Charged by or Collected
       by City of Oakwood:                                                 **$      178.20**

    c. Monetary Damages (Class Incentive Award) Payable to
       Class Member Representative Jason Thompson:                         **$   1,000.00**

      d. Agregrete Attorney Fees, Non-Taxable Costs and Expenses
under U.S.C. § 1988 and Civil Rule of Procedure 23(h)
Payable to:

          1) The 1851 Center for Constitutional Law    **$150,000.00**

          2) Finney Law Firm, LLC    **$ 72,000.00**

Total Monetary Award:    **$295,958.20**

**The payment of $178.20 in Monetary Damages Payable to 36 specific Class Members for Convenience Credit Card Fees Not Charged by or Collected by City of Oakwood is in satisfaction of damages on Plaintiffs' § 1983 claims and the payment of the $60.00 in Restitution Payable to the 1055 Class Members for each Interior Inspection (total number of inspections: 1,213) includes satisfaction of any damages on Plaintiffs' § 1983 claims.**

   **3.**    **<u>Class Member Refund Procedure:</u>**

      a.    The Parties warrant that they have used their best efforts to identify the Class Members and their current addresses, and to determine the amounts owed to each Class Member.

      b.    The City **IS HEREBY ORDERED** to pay all reasonable fees and costs of class notice and administration, including costs associated with the retainer of the third-party administrator, CAC SERVICES GROUP, LLC, who will handle the refund process, and costs associated with issuing notice and refunds, to Class Members.

      c.    The City, through the third-party administrator, **IS HEREBY ORDERED** to provide notice to the Class Members of the forthcoming payment. The Notice shall be issued to Class Members not more than 30 days before that payment. Such notice shall be reasonably calculated to appear as something other than "junk mail," by, for instance, including the name of the class member and name of the sender on the face of the envelope. Such notice shall give each Class Member the option either to accept a check for the Class Member's share of the refund or to direct that the equivalent amount be donated to The Carlton W. and Jeannette H. Smith Memorial

Garden Trust, c/o The Dayton Foundation, Trustee, located at 40 N. Main Street, Suite 500, Dayton, Ohio 45423, Fund No. 2141, a 501(c)(3) entity supporting the care and maintenance of Smith Gardens.

      d.     If any notice is returned by the post office as not deliverable, the following shall occur:

1) Oakwood, through the third-party administrator, shall provide Plaintiffs with a copy of the notice returned by the post office as not deliverable within 24 hours of its receipt of the notice via email to Class Counsel;

2) The Parties have 5 business days, not including government holidays, to make reasonably diligent efforts to locate a particular Class Member and the third-party administrator is making reasonably diligent efforts through its separate use of skip trace for notices returned for non-delivery;

3) In the event Class Counsel locates a new address for a Class Member, Class Counsel shall provide counsel for Oakwood the complete address for such Class Member on or before 6 business days from the day Class Counsel received its receipt of the notice returned by the post office as not deliverable via email;

4) If, after making additional reasonably diligent efforts to locate a Class Member upon the third-party administrator's receipt of any notice returned by the post office as not deliverable, a new address for the Class Member is located by Class Counsel or the third-party administrator, Oakwood, through the third-party administrator, shall immediately re-send notice to the Class Member one time;

5) If, after making reasonably diligent efforts as set forth above, the Parties are still unable to locate a particular Class Member, that Class Member's share shall be donated to The Carlton W. and Jeannette H. Smith Memorial Garden Trust, c/o The Dayton Foundation, Trustee, located at 40 N. Main Street, Suite 500, Dayton, Ohio 45423, Fund No. 2141.

e. If a Class Member elects to donate his/her/its share to The Carlton W. and Jeannette H. Smith Memorial Garden Trust, c/o The Dayton Foundation, Trustee, located at 40 N. Main Street, Suite 500, Dayton, Ohio 45423, Fund No. 2141, the City, through the third-party administrator, shall send that Class Member a letter confirming and acknowledging the Class Member's election and the donated amount.

f. Any Class Member who returns the card but does not proactively mark the card to elect to donate or receive a check for his/her/its share, he/she/it shall receive a refund.

g. Any Class Member whose letter is not returned as undeliverable and who does not respond within 30 days to the letter extending the two options shall be deemed to have elected to receive a check for his/her/its share.

h. The City of Oakwood, through the third-party administrator, shall provide checks payable to Class Members by ordinary mail. Such a mailing shall be reasonably calculated to appear as something other than "junk mail," by, for instance, including the name of the class member and name of the sender on the face of the envelope.

i. The aggregate amount of any funds reflecting checks uncashed after six months from the date of issuance shall be donated to The Carlton W. and Jeannette H. Smith Memorial Garden Trust, c/o The Dayton Foundation, Trustee, located at 40 N. Main Street, Suite

500, Dayton, Ohio 45423, Fund No. 2141. All claims are deemed satisfied upon donation of the unclaimed funds under this Final Judgment Entry.

      j.      The third party-administrator shall provide reasonable reports upon its activities to the parties' counsel so that they may resolve and/or bring any problems to the Court's attention, as necessary. In addition, the third-party administrator shall 1) notify Class Counsel before the Notices are disseminated, 2) provide to Class Counsel a summary of the sent Notices once the same are disseminated, and 3) provide Class Counsel with a Final Report and an opportunity to resolve any issues concerning the same.

**4.** **Deposit of Funds:** An escrow account, not a qualified settlement fund, will be opened by the third-party administrator. The City of Oakwood shall deposit, not later than ten (10) days after the Effective Date of this Final Judgment Entry as defined herein, the following monetary amounts as follows into the escrow account:

      a.      A deposit of **$72,780.00** shall be made into an escrow account to be established by the third-party administrator for the City of Oakwood re: Restitution Payable to 1055 Class Members for Interior Inspections.

      b.      A deposit of **$178.20** shall be made into an escrow account to be established by a third-party administrator for the City of Oakwood re: Monetary Damages Payable" to 36 Class Members for Convenience Credit Card Fee Not Charged by City of Oakwood.

      c.      The escrow account shall be administered by the third-party administrator ("Appropriated Account Agent"). The third-party administrator will not be issuing Form 1099's in this matter because they are not required.

**5.** **Timing of Payments:**

      a.      Within 90 days after the Effective Date of this Final Judgment Entry, the

City of Oakwood, through the third-party administrator, shall pay the 1,055 Class Members all Monetary Award owed or make all donations owed on Class Members' behalf.

  b. The Class Members are to be paid as reflected in **Exhibit A** (Spreadsheet of class members, amounts to be paid, and current addresses).

  c. The City of Oakwood shall pay Class Member Representative Jason Thompson all Monetary Award owed on or before January 10, 2019.

  d. The City of Oakwood shall pay Class Counsel all Monetary Award owed before January 10, 2019.

**IT IS SO ORDERED.**

                **\*s/Thomas M. Rose**

                **JUDGE THOMAS M. ROSE**

SUBMITTED BY:

s/Lynnette Dinkler
Lynnette Dinkler (0065455), Trial Counsel
lynnette@dinklerpregon.com
DINKLER LAW OFFICE, LLC
5335 Far Hills Avenue, Suite 123
Dayton, OH 45429
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendant City of Oakwood, Ohio*

s/ Robert F. Jacques
Robert F. Jacques, Trial Counsel (0075142)
City of Oakwood
30 Park Avenue
Oakwood, Ohio 45419
(937) 298-0600
(937) 297-2940 - Fax
Jacques@oakwood.oh.us
*Co-Counsel for Defendant City of Oakwood, Ohio*